IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Case No.: 5:21-cv-125D

| | |
|---|---|
| DEATH AND TAXES, LLC, *et al.*, ) <br> ) <br> Plaintiffs, ) <br> v. ) <br> ) <br> THE CINCINNATI INSURANCE ) <br> COMPANY, ) <br> ) <br> Defendant. ) | **DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS PLAINTIFFS' COMPLAINT** <br><br> **Hon. James C. Dever III** <br><br> **Oral Argument Requested** |

Defendant, The Cincinnati Insurance Company ("Cincinnati"), within the time for filing a responsive pleading to Plaintiffs' Complaint [Doc. 1], in lieu of filing an Answer to the Complaint, hereby moves, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for an order dismissing, with prejudice, all claims against Cincinnati for failure to state a claim upon which relief can be granted. In support thereof, Cincinnati states as follows:

Plaintiffs seek property insurance coverage for financial losses they sustained in conjunction with the Coronavirus pandemic and assert claims for Declaratory Judgment for Business Income and Extra Expense coverage (Count I), Declaratory Judgment for Civil Authority Coverage (Count II), and Breach of Contract (Count III) alleging:

- Plaintiffs own and operate bars and restaurants in North Carolina. [Compl., Doc. 1, ¶ 2].

- Plaintiffs businesses closed in response to orders from North Carolina government officials starting in March 17, 2020, which led to reductions in staff and loss of revenue. [Doc. 1, ¶¶ 3-4].

- "Multiple structures across North Carolina reported COVID-19 infections or outbreaks and were in fact physically impacted by the presence of the COVID-19 virus on or around the surfaces of these structures." For example, Plaintiffs cite a restaurant where an individual who had COVID-19 dined and the subsequent deep cleaning of that restaurant. [Doc. 1, ¶¶ 36-37].

- During March and April 2020, North Carolina government officials, including Governor Cooper and Dr. Cohen of the North Carolina Department of Health and Human Services issued orders relating to the COVID-19 pandemic (the "Orders"). [Doc. 1, ¶¶ 40-51].

- The Orders restricted Plaintiffs' businesses "to essential activities, minimum necessary operations, or required closure" which resulted in Plaintiffs losing the physical use of, physical access to, and physical enjoyment of property by Plaintiffs and their customers and vendors. [Doc. 1, ¶ 52].

- Plaintiffs purchased a single property insurance policy from Cincinnati, which Plaintiffs characterize as an "all risks" policy. [Doc. 1, ¶¶ 58].

- The Policy defines "Loss" as "accidental physical loss or accidental physical damage." [Doc. 1, ¶ 86].

- "Losing the ability to access or use one's property is a direct loss of physical, material rights and advantages, substantial and important." [Doc. 1, ¶ 88].

- "Prohibiting or limiting the physical presence on the premises of any or all persons (except for those facilitating minimal maintenance or narrow essential activities) and the prohibition or limitation of the physical use of equipment, fixtures and furniture constitutes a physical loss that caused the suspension of business operations. [Doc. 1, ¶ 92].

- "The business-income losses, extra expenses, and other losses sustained by Plaintiffs and the Class were caused by or resulted from the aforementioned government orders, a Covered Cause of Loss." [Doc. 1, ¶ 100].

- "COVID-19—a non-excluded Covered Cause of Loss—has been found present on or within property other than the insureds' covered premises, damaging those properties." [Doc. 1, ¶ 123].

Plaintiffs attach the Policy as Exhibit A [Doc. 1-2], which shows that Cincinnati issued Policy No. ECP 026 00 45 to ABC Cornershop Inc. as the first named insured, with effective dates of July 8, 2017 to July 8, 2020 ("the Policy"). For present purposes, the pertinent parts of the Policy are form FM 101 05 16 and form FA 213 05 16. [Policy at 31-68 & 106-114, respectively].[1] Form FM 101 05 16 is the main property coverage form. Form FA 213 05 16

---

[1] Plaintiffs attach the relevant Policy as Exhibit 1 to the Complaint. A court may consider the contract that is the subject matter of an action on a Rule 12(b)(6) motion. *See Oberlin Capital, L.P. v. Slavin*, 147 N.C.App. 52, 60–61 (2001). Citations to the Policy page number refer to the ECF-stamped page numbers in the bottom margin of the Policy. [Doc. 1-2 at 1-292].

supplies Business Income coverage. Using the same language, each form supplies Business Income, Extra Expense, and Civil Authority coverage if the necessary elements for coverage are satisfied. Cincinnati will show that the facts alleged by Plaintiffs do not satisfy the elements for coverage set forth in the Policy, and, therefore, the Complaint should be dismissed, with prejudice, pursuant to Rule 12(b)(6).[2]

Respectfully submitted, this the 26th day of May, 2021.

**DEFENDANT THE CINCINNATI INSURANCE COMPANY**

By its Counsel:

/s/Andrew A. Vanore, III
Michael P. Baniak (admitted *pro hac vice*)
Litchfield Cavo, LLP
303 W. Madison, Suite 300
Chicago, IL 60606
Tel.: (312) 781-6596
Fax.: (312) 781-6630
Baniak@LitchfieldCavo.com

Andrew A. Vanore, III
NC State Bar No. 13139
Skylar J. Gallagher
NC State Bar No. 55148
Brown, Crump, Vanore & Tierney, P.L.L.C.
P.O. Box 1729
Raleigh, NC 27602
Tel.: (919) 890-4467 (Vanore)
Tel.: (909) 890-4476 (Gallagher)
Fax: (919) 835-0915
dvanore@bcvtlaw.com
sgallagher@bcvtlaw.com

---

[2] While it is clear that no class could properly be certified here, Cincinnati does not address class certification at this time and reserves and does not waive its right to raise any and all arguments against class certification at a later date, if need be.

*Local Civil Rule 83.1(d) Counsel for The Cincinnati Insurance Company*

# CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that a copy of the **Motion to Dismiss** was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

This the 26th day of May, 2021.

/s/ Andrew A. Vanore, III_____